UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA RAIMONDI o/b/o R.R.,           :
                                     :
      Plaintiff,                     :
                                     :
v.                                   : CASE No. 8:09-CV-2046-T-TGW
                                     :
MICHAEL J. ASTRUE,                   :
Commissioner of Social Security,     :
                                     :
      Defendant.                     :
_____:

ORDER

This cause came on for consideration upon the plaintiff's Petition for Attorney Fees (Doc. 25) filed by counsel for the plaintiff on March 3, 2011. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $3,712.26 in fees to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury.

The applicant represented the plaintiff in this action seeking review of a denial of supplemental security income payments. This matter was reversed

and remanded to the Social Security Administration by order of this court dated December 2, 2010 (Doc. 23). Judgment was therefore entered in favor of the plaintiff (Doc. 24). The plaintiff then filed this application for attorney's fees under the EAJA and requests that the fees be paid directly to her attorney if the United States Department of the Treasury determines that the plaintiff does not owe a federal debt (Doc. 25, p. 3; see Doc. 25-3). The Supreme Court in Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521 (2010), approved the payment of fees directly to a plaintiff's attorney in cases where the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney.

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $3,712.26 (Doc. 25). This amount represents 21.9 hours of service before the court in 2009 and 2010 at an hourly rate of $169.51 by attorneys Michael Steinberg and Dax Lonetto (id., p. 2; Doc. 25-1). It is represented that the defendant has no objection to the requested fees (Doc. 25, p. 7). Further, the

defendant has not filed a response to this motion and, therefore, it is assumed that the motion is unopposed. See Local Rule 3.01(b).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 21.9 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $169.51 per hour for work performed in 2009 and 2010 (Doc. 25, p. 2). In light of the defendant's lack of objection, it is not necessary to reach the question of whether, if contested, the requested cost of living adjustment is warranted. Similar cost of living adjustments have been made on fee applications where the Commissioner has raised no objection.

For the foregoing reasons, the plaintiff's Petition for Attorney Fees (Doc. 25) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of $3,712.26 in attorney's fees to be paid to the plaintiff's counsel by the defendant

pursuant to the EAJA if the plaintiff is not indebted to the United States Department of the Treasury.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 30th day of March, 2011.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE